**Jian Min CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondents.**

**Docket No. 03–4170–AG.**

United States Court of Appeals, Second Circuit.

July 25, 2005.

Yee Ling Poon, Law Offices of Yee, Ling Poon (Jay Ho Lee, on the brief), New York, NY, for the Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida (Karin B. Hoppmann, Assistant United States Attorney, Tonya L. Shotwell, Special Assistant United States Attorney, on the brief), Tampa, Florida, for the Respondents.

PRESENT: STRAUB, SACK, Circuit Judges, and KRAVITZ, Judge.[1]

## SUMMARY ORDER

Jian Min Chen, a native and citizen of the People's Republic of China, requests review of the December 27, 2002, decision of the Board of Immigration Appeals ("BIA") summarily affirming the July 6, 1999, decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts, decisions and records below, and issues on appeal.

Where the BIA adopts and summarily affirms a decision of an IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review an IJ's credibility determination under the "substantial evidence standard," *see id.* at 307, wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8.U.S.C. § 1252(b)(4)(B).

As support for the IJ's adverse credibility finding, the IJ cited Chen's inconsistent statements as to when he decided to apply for asylum and when he was fired from his job. The IJ also stated that he found Chen's testimony to be inherently implausible as to matters concerning his wife's second pregnancy and her subsequent sterilization. The IJ also made reference to Chen's demeanor; the IJ found that Chen was "non-responsive" concerning his wife's sterilization and was "evasive" concerning who was living in his household. Furthermore, the IJ found Chen's testimony regarding China's coercive family planning policies to be somewhat inconsistent with that reflected in the country condition reports submitted by Chen. Finally, the IJ found that Chen's documentary evidence was obtained with "the assistance of a snakehead" while Chen was in the United States and concluded that such further "render[ed] his testimony suspect."

---

1. The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

We conclude that the IJ's adverse credibility finding is supported by substantial evidence and that Chen failed to satisfy his burden of proving his entitlement to asylum. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). A reasonable adjudicator would not be compelled to find Chen's testimony consistent or plausible. *See Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (internal quotation marks omitted)). Furthermore, we afford particular deference to an IJ's credibility findings that are grounded upon observation of the demeanor of witnesses. *See id.* at 73 (noting that a "fact-finder who assesses testimony together with witness demeanor is in the best position to discern ... whether inconsistent responses are the product of innocent error or intentional falsehood"). As an additional matter, though respondents concede that the IJ erred in finding that Chen's documents were prepared "with the assistance of a snakehead," we find that the IJ's adverse credibility determination was based on substantial evidence independent of, and unrelated to, this finding. Finally, "[b]ecause [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhang,* 386 F.3d at 71.

We have considered all of Chen's arguments and find them to be without merit.

The petition for review of the BIA's decision is therefore DENIED.